962 F.2d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl PAULSON, Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION; National Transportation
Safety Board; James B. Busey, Respondents.
 No. 91-70382.
 United States Court of Appeals, Ninth Circuit.
 May 7, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carl Paulson petitions for review the National Transportation Safety Board's ("NTSB") order affirming the administrative law judge's ("ALJ") order of dismissal of his appeal as untimely. Paulson alleges that the Federal Aviation Administration ("FAA") violated his fifth amendment right to due process when it failed to notify his attorney about the suspension of Paulson's pilot license. We have jurisdiction pursuant to 49 U.S.C. § 1486, and we deny Paulson's petition for review.
 
 
 3
 This court upholds decisions of the NTSB unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Winslow v. NTSB, 885 F.2d 615, 617 (9th Cir.1989); 5 U.S.C. § 706(2)(A) (1982).
 
 
 4
 Pursuant to 49 U.S.C. § 1429(a), the Secretary of Transportation may suspend a pilot certificate in the interests of safety. A certificate holder may appeal an order of suspension within 20 days from the time that order is served upon him. 49 C.F.R. § 821.30. Nothing in the regulations requires that service of the suspension order be served on the certificate holder's attorney in addition to service on the certificate holder himself. See 49 U.S.C.App. § 1429(a) (prior to suspending or revoking any certificates, the Secretary of Transportation shall advise the holder of the charges or reasons relied on for such action).
 
 
 5
 Paulson does not allege in this petition for review that he did not receive notice of the order of suspension sent by the FAA or that FAA regulations, which permit notice to be served by mail, violate constitutional due process. Rather, he contends that procedural due process and statutory rules require that his attorney also be notified of the FAA's order. Neither FAA regulations nor case law provide authority for this assertion.[1] Under these circumstances, the NTSB's affirmance of the ALJ's order of dismissal was not arbitrary, capricious, or an abuse of discretion. See Winslow, 885 F.2d at 617.
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Paulson asserts that the FAA has the burden of proof to show that his attorney was properly notified of the suspension order. Because there is no obligation for the FAA to notify Paulson's attorney regarding the notice of suspension, we do not address this issue